**FILED**
U.S. District Court
District of Kansas
09/14/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**AARON BLAKE WRIGHT,**

**Plaintiff,**

**v.** **CASE NO. 26-3283-JWL**

**DAKOTA LOOMIS, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Douglas County Jail in Lawrence, Kansas ("DCJ"). Plaintiff's claims relate to his state court criminal proceedings, and he names the state prosecutors as defendants. (Doc. 1, at 1–2.) Plaintiff seeks compensatory and punitive damages. *Id*. at 5.

On August 10, 2026, the Court entered a Memorandum and Order (Doc. 3) finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g), and granting Plaintiff until September 10, 2026, to submit the $405.00 filing fee. The Court examined the Complaint and attachments and found no showing of imminent danger of serious physical injury.

Plaintiff filed a motion (Doc. 4) seeking to supplement his Complaint to add an additional defendant. Plaintiff seeks to add a captain from the DCJ, arguing that he did not properly register Plaintiff and he was not given "Orientation Registry" at the DCJ. (Doc. 4, at 1–2.) Plaintiff seeks to add a count claiming he was "denied life, liberty, and property in the abuse of process when collecting identifiers of Plaintiff disclosed from public access violates 14th Amendment Constitution right." *Id*. at 3. Nothing in Plaintiff's motion to supplement shows that he was in imminent danger when he filed his Complaint.

Plaintiff has failed to pay the filing fee by the Court's deadline. The Court's Memorandum and Order provides that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 3, at 3.)

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement (Doc. 4) is **denied.**

**IT IS SO ORDERED**.

**Dated September 14, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**